IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| LUIS E. CRUZ, ) | |
| ) | Case No. 4:06-CV-00001 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TOWN OF SOUTH BOSTON, ) | |
| VIRGINIA, ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendant. ) | |

Before this Court is the Defendant's *Motion to Dismiss*. Oral argument on the Defendant's *Motion* was held on March 31, 2006 and the *Motion* is now ripe for judgment. For the reasons stated below, the Defendant's *Motion* will be **granted**, but the Plaintiff will be given thirty days (30) from the date of this *Memorandum Opinion* to amend his *Complaint* to state a claim for which relief can be granted.

**I.     PROCEDURAL BACKGROUND**

Appearing pro se, Luis Cruz ("Plaintiff") filed a *Complaint* with this Court on January 12, 2006. The Town of South Boston (" Defendant") was served on January 19, 2006. The Defendant filed its *Motion to Dismiss* on February 6, 2006, and the Plaintiff filed a *Response* on February 14, 2006. Oral argument on the Defendant's *Motion* was held on Friday March 31, 2006 at 11:00 AM in Danville.

**II.     STATEMENT OF FACTS**

-1-

The Plaintiff filed a *Complaint* under the *Equal Employment Opportunities Act, 42 U.S.C. §2000(e)*; the Plaintiff filed his *Complaint* using a court-generated form. The Plaintiff failed to fill out much of the form, some of the form is filled out incompletely, and it appears that the Plaintiff has only identified the person against whom he alleges discrimination as "Briant, supervisor of the landfill." (Plaintiff's *Complaint*, Page 3). The Plaintiff alleges that he was terminated from his job because his supervisor "thought I was after his job, because I got more experience on landfill work." (*Id*. at 4). The Plaintiff further alleges that his supervisor did not like him working at the landfill because his supervisor was afraid that he "was going to take his title and job away from him;" the Plaintiff continues "that was when he began discriminating against me, and with the racial remarks and telling lies to Alan Auld about me, and that was the reasons I was terminated." *Id*. at 4.

The Plaintiff alleges that he has suffered damages, but in describing those damages merely stated: "I got sick and I have to apply to Social Security because I can't work." *Id*. at 5.

In his *Response* to the *Defendant's Motion to Dismiss*, the Plaintiff filed two letters that he received from government agencies that are pertinent to his claim in this case. A letter dated September 8, 2005 from the U.S. Equal Employment Opportunity Commission was received by the Plaintiff and states in pertinent part:

> Examination of the evidence reveals that Charging Party's allegations are true and he was denied a wage increase and disciplined more severely than others similarly situated for unsatisfactory attendance because of his race, Puerto Rican and national origin, Hispanic. The Commission finds that Respondent is in violation of the statute.

A letter dated October 13, 2005 from the U.S. Department of Justice was received by the Plaintiff notifying him of his right to sue the Town of South Boston. The letter states in pertinent part:

-2-

> It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

### III.  STATEMENT OF LAW

Courts are to liberally construe the complaints of *pro se* plaintiffs but are not to act as advocates. *See, Weller v. Dep't of Soc. Serv's.*, 901 F.2d 387 (4th Cir. 1990). Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (citation omitted). When considering a *motion to dismiss*, the Court should accept as true all well-pleaded allegations and construe those allegations in the light most favorable to the plaintiff. *Mylan Labs, Inc. V. Matkar*, 7 F.3d 1130 (4th Cir. 1993). Thus, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Although the *Federal Rules of Civil Procedure* require only notice pleading which is not an onerous standard, the Plaintiff must still set forth facts sufficient to allege each element of his claim. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761 (4th Cir. 2003). Mere conclusory statements alleging discrimination are insufficient to state a claim upon which relief can be granted and thus are insufficient to withstand a *Motion to Dismiss* pursuant to *Rule 12(b)(6)*. *Simpson v. Welch*, 900 F.2d 33 (4th Cir. 1990). Finally, in order to state a claim of discrimination, pursuant to *42 U.S.C. §2000(e)*, sufficient to survive a *Rule 12(b)(6) Motion*, the Plaintiff must allege some adverse employment action based upon one's race, national origin, religion, or sex. *Ali v. Alamo Rent-a-Car*, 8 Fed. Appx. 156 (4th Cir. 2001).

-3-

## IV. DISCUSSION

In its *Memorandum in Support of its Motion to Dismiss*, the Defendant argues that the Plaintiff's *Complaint* should be dismissed because he has not therein alleged that his job was terminated at the South Boston landfill because of illegal discrimination as recognized by *42 U.S.C. §2000(e)*. That is, the Defendant argues that by failing to allege in his *Complaint* that illegal discrimination led to the termination of his job, the Plaintiff has failed to state a claim for which relief can be granted. I agree. Even if the Plaintiff did lose his job with the Town of South Boston because of illegal discrimination as recognized by *42 U.S.C. §2000(e)*, the Plaintiff has failed to properly plead a cause of action pursuant to *42 U.S.C. §2000(e)* for which relief can be granted. Even if I were to construe the Plaintiff's *Complaint* liberally, as the Fourth Circuit allows in a case involving a pro se Plaintiff, the Plaintiff's *Complaint* contains no claim for which relief can be granted. *See*, *Weller v. Dep't of Soc. Serv's.*, 901 F.2d 387 (4th Cir. 1990). Therefore, in compliance with *Federal Rules of Civil Procedure 12(b)(6)* jurisprudence, I will dismiss the Plaintiff's *Complaint* for failure to state a claim for which relief can be granted.

However, in compliance with *Federal Rule of Civil Procedure 15(a),* I will grant the Plaintiff thirty (30) days to amend his *Complaint* to state a claim for which relief can be granted because the Plaintiff is proceeding in this case pro se**.**

## V. CONCLUSION

For these reasons stated above, the Defendants' *Motion to Dismiss* shall be granted, but the Plaintiff will be given thirty days (30) from the date of this *Memorandum Opinion* to amend his *Complaint* to state a claim for which relief can be granted.

The Clerk of the Court is hereby directed to send a certified copy of this *Memorandum*

*Opinion* and the accompanying *Order* to all counsel of record and parties in this case.

Entered this 6th day of April, 2006.

                                                  s/Jackson L. Kiser
                                                 Senior United States District Judge