IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| LUIS E. CRUZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF SOUTH BOSTON, )<br>VIRGINIA, )<br>)<br>Defendant. )<br>)<br>) | Case No. 4:06-CV-00001<br><br>**MEMORANDUM OPINION**<br><br>By: Jackson L. Kiser<br>    Senior United States District Judge |

Before this Court is the Defendant's *Motion to Dismiss Amended Complaint.* For the reasons stated below, the Defendant's *Motion* will be **denied.**

## I.  PROCEDURAL BACKGROUND

Appearing pro se, Luis Cruz ("Plaintiff") filed a *Complaint* with this Court on January 12, 2006. The Town of South Boston (" Defendant") was served on January 19, 2006. The Defendant filed a *Motion to Dismiss* on February 6, 2006, the Plaintiff filed a *Response* on February 14, 2006, and a hearing was held before this Court on the Defendant's *Motion* on March 31, 2006. An *Order* and *Memorandum Opinion* were entered by this Court on April 6, 2006 which granted the Defendant's *Motion to Dismiss* because the Plaintiff's *Complaint* did not plead a cause of action pursuant to Title VII, 42 U.S.C. §2000e. However, the *Order* granted the Plaintiff thirty (30) days to amend his *Complaint*. The Plaintiff filed an *Amended Complaint* on May 5, 2006, and the Defendant filed the *Motion to Dismiss Amended Complaint* which is now before this Court on May 24, 2006; the Plaintiff has not responded.

## II.  STATEMENT OF FACTS

The Plaintiff filed an *Amended Complaint* on May 5, 2006. The Plaintiff alleges that discrimination led to his termination with the South Boston landfill. The Plaintiff claims that other workers missed more work than he and were not fired. The Plaintiff asserts that he has "the right to be paid for the time lost and the raise that I was suppose to get every year and compensation for the pain and suffering (sic)."

A letter dated September 8, 2005 from the U.S. Equal Employment Opportunity ("E.E.O.C.") Commission was filed as *Exhibit* ten (10) with the Plaintiff's *Amended Complaint.* The letter states in pertinent part:

> Examination of the evidence reveals that Charging Party's allegations are true and he was denied a wage increase and disciplined more severely than others similarly situated for unsatisfactory attendance because of his race, Puerto Rican and national origin, Hispanic. The Commission finds that Respondent is in violation of the statute.

The Plaintiff has also filed, in *Exhibit* ten (10) with his *Amended Complaint*, a letter dated October 17, 2005 from the U.S. Department of Justice. The letter states in pertinent part:

> It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC).
>
> We have forwarded the charging party a notice of right to sue, a copy of which is enclosed.

The Plaintiff filed eleven (11) *Exhibits* with his *Amended Complaint,* most of which are employment evaluation records and employment policies from the Town of South Boston.

### III. STATEMENT OF LAW

Courts are to liberally construe the *Complaints* of *pro se* plaintiffs but are not to act as advocates. *See, Weller v. Dep't of Soc. Serv's.*, 901 F.2d 387 (4th Cir. 1990). Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning*

*v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (citation omitted). When considering a *motion to dismiss*, the Court should accept as true all well-pleaded allegations and construe those allegations in the light most favorable to the plaintiff. *See, Mylan Labs, Inc. V. Matkar*, 7 F.3d 1130 (4th Cir. 1993). Thus, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Although the *Federal Rules of Civil Procedure* require only notice pleading which is not an onerous standard, the Plaintiff must still set forth facts sufficient to allege each element of his claim. *See*, *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Mere conclusory statements alleging discrimination are insufficient to state a claim upon which relief can be granted and thus are insufficient to withstand a *Motion to Dismiss* pursuant to *Rule 12(b)(6)*. *See*, *Simpson v. Welch*, 900 F.2d 33 (4th Cir. 1990).

Finally, in order to state a claim of discrimination, pursuant to Title VII, 42 U.S.C. §2000(e), sufficient to survive a *Rule 12(b)(6) Motion*, the Plaintiff must allege some adverse employment action based upon one's race, national origin, religion, or sex. *See, Ali v. Alamo Rent-a-Car*, 8 Fed. Appx. 156 (4th Cir. 2001). In order to establish a claim for discriminatory termination under Title VII, the Plaintiff must allege: 1) that he is a member of a protected class; 2) that he was qualified for his job and satisfactorily performed his job; 3) that he was terminated despite his satisfactory performance; and 4) that similarly situated individuals who are outside of the protected class were treated differently under apparently similar circumstances. *Bryant v. Bell Atlantic Maryland, Inc.,* 288 F.3d 124, 133 (4th Cir. 2002).

**IV.** **DISCUSSION**

-3-

In its Memorandum in Support of its *Motion to Dismiss the Plaintiff's Amended Complaint*, the Defendant argues that while the Plaintiff's *Amended Complaint* and its attached documents do allege additional information not contained in the (original) *Complaint*, the *Amended Complaint* still fails to state a cause of action upon which relief can be granted.

The Defendant points out that the Plaintiff refers to himself as Puerto Rican, American, and Hispanic in his *Amended Complain.* The Defendant asserts that the Plaintiff has failed to either expressly state that he is a member of a protected class or identify the protected class to which he belongs. The Defendant also asserts that the Plaintiff never alleges in his *Amended Complaint* that he was qualified for his position or that he performed his job in a satisfactory manner.

In claiming that he was discriminated against because of his race, the Plaintiff names two apparent co-workers, Shawanda and James. The Plaintiff seems to allege that his co-workers were treated differently than him with regard to absences from work. However, the Defendant points out that the Plaintiff never states whether the two apparent co-workers are in the same position as him, and he never states whether they are outside of the protected class of which he is a member.

The Defendant argues that the Plaintiff has not sufficiently alleged all of the required elements of an employment discrimination claim, based upon either wrongful termination or disparate enforcement of employee disciplinary measures, on the basis of either race or national origin.

I disagree with the Defendant. When deciding whether to grant this *Motion*, I must "accept as true all well-pleaded allegations and construe those allegations in the light most favorable to the plaintiff." *See, Mylan Labs, Inc. V. Matkar*, 7 F.3d 1130 (4th Cir. 1993). Furthermore, I am charged with liberally construing the *Amended Complaint* of this *pro se* Plaintiff; though I am not permitted to act as his advocate. *See, Weller v. Dep't of Soc. Serv's.*, 901 F.2d 387 (4th Cir. 1990). While the

-4-

standards of notice pleading in federal court are not onerous, they do require the Plaintiff to allege facts sufficient to state all elements of his claim. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765. As stated above, in order to establish a claim for discriminatory termination under Title VII based upon either race or national origin, the Plaintiff must allege: 1) that he is a member of a protected class; 2) that he was qualified for his job and satisfactorily performed his job; 3) that he was terminated despite his satisfactory performance; and 4) that similarly situated individuals who are outside of his protected class were treated differently under apparently similar circumstances. *Bryant v. Bell Atlantic Maryland, Inc.,* 288 F.3d 124, 133 (4th Cir. 2002).

Rule 10(c) of the *Federal Rules of Civil Procedure* states:

Adoption by Reference; Exhibits. Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

In the last "sentence" of his *Amended Complaint*, the Plaintiff states: "That is the reason why I came on my own trusting that you would see the evidence That I summating from the E.E.O.C." When I liberally construe this allegation in the light most favorably to the Plaintiff, I find that the Plaintiff incorporated the Exhibits attached to his *Amended Complaint* into his *Amended Complaint* pursuant to Rule 10(c) of the *Federal Rules of Civil Procedure*. I find that the Plaintiff meant "submitting" when he wrote "summating," and I find that the Plaintiff considered all eleven (11) of his attached Exhibits to be "evidence That I summating from the E.E.O.C." Therefore, I find that this pro se Plaintiff has pled his Title VII claim sufficiently to overcome a *Motion to Dismiss* made by the Defendant pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

First, the Plaintiff has claimed in his *Amended Complaint* that he is a member of a protected class: "One because of Iam Hispanic they fired me because they said I had excessive absents but the

-5-

E.E.O.C. investigated and found that others had more days absent than me and they still working . . . . " Regardless of whether the Plaintiff referred to himself as Puerto Rican, American, and Hispanic in his *Amended Complaint*, the cited passage suffices as an allegation by the Plaintiff that he is a member of a protected class.

The Plaintiff has attached employment records to his *Amended Complaint* as *Exhibits*. Those *Exhibits*, as stated above, have been incorporated by the Plaintiff into his *Amended Complaint*. The Plaintiff need not prove that he was qualified or a satisfactory employee at this point in the litigation, but merely has to sufficiently plead those facts. I therefore find that the content of the pertinent Exhibits suffice as an allegation by the Plaintiff that he was qualified for his job and satisfactorily performed it.

I similarly find that the content of the Exhibits cited above also suffice as an allegation by the Plaintiff that he was terminated despite his satisfactory job performance.

Finally, the Plaintiff has submitted a letter dated September 8, 2005 from the U.S. Equal Employment Opportunity Commission as part of Exhibit ten (10) of his *Amended Complaint*. The letter states in pertinent part:

> Examination of the evidence reveals that Charging Party's allegations are true and he was denied a wage increase and disciplined more severely than others similarly situated for unsatisfactory attendance because of his race, Puerto Rican and national origin, Hispanic. The Commission finds that Respondent is in violation of the statute.

The Plaintiff has also submitted employment performance records of other employees in Exhibits attached to his *Amended Complaint*.

By incorporating the E.E.O.C. letter into his *Amended Complaint* as Exhibit ten (10), the Plaintiff has alleged that similarly situated individuals who are outside of his protected class were treated differently under apparently similar circumstances. Furthermore, by incorporating the

employment records of other individuals into his *Amended Complaint* as various Exhibits, the Plaintiff has further alleged that similarly situated individuals who are outside of his protected class were treated differently under apparently similar circumstances. Therefore, I find that the E.E.O.C. letter and pertinent Exhibits suffice as an allegation by the Plaintiff that similarly situated individuals who are outside of his protected class were treated differently under apparently similar circumstances.

For the reasons stated above, I find that the Plaintiff has pled his Title VII claim sufficiently to overcome the Defendant's *Motion to Dismiss* made pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

## V. CONCLUSION

For the reasons stated above, the Defendants' *Motion to Dismiss* will be **denied**.

The Clerk of the Court is hereby directed to send a certified copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record and parties in this case.

Entered this 31st day of July, 2006.

                                                 s/Jackson L. Kiser
                                                 Senior United States District Judge

-7-

Case 4:06-cv-00001-JLK-mfu   Document 22   Filed 07/31/06   Page 7 of 7   Pageid#: 275